UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| JAMES R. VAN ALSTINE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-172 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits (DIB).  Plaintiff filed his application on February 2, 2000, claiming an onset of disability of November 4, 1999.  (A.R. 73-75).  His claim was denied on initial review.  (A.R. 29). On April 30, 2002, plaintiff received a hearing before an administrative law judge at which he was represented by counsel.  On June 13, 2002, the ALJ issued a decision denying plaintiff's application for benefits.  (A.R. 33-39).  On August 18, 2004, the Appeals Council issued its order vacating the ALJ's decision and remanding the matter for further administrative proceedings.  (A.R. 64-66). Plaintiff's disability insured status expired on December 31, 2004.  On March 10, 2005, an administrative judge conducted a second hearing, at which plaintiff was represented by counsel. (A.R. 312-39).  On November 7, 2005, the ALJ issued a decision finding that plaintiff was not disabled because he was capable of performing his past relevant work as a trolley gate attendant.

(A.R. 17-23). On January 4, 2008, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.

On February 21, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. The issues raised by plaintiff are as follows:

1. The ALJ "mischaracterized the testimony of the vocational expert and opted to find Plaintiff/Appellant capable of performing prior relevant work as a trolley gate operator, despite the testimony of the vocational expert;"

2. The ALJ's "failure to adequately characterize and adopt the testimony of the vocational expert was contrary to the great weight of evidence in this case;" and

3. The ALJ erred when he accepted as credible plaintiff's testimony that he was capable of performing his past relevant work as a trolley gate attendant when the job, as plaintiff had performed it, "didn't exist anymore."

(Plf. Brief at 2, docket # 11). Upon review, I find that plaintiff's arguments do not provide grounds for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited.

*Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73.  "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on November 4, 1999, his asserted onset of disability, and continued to meet them through December 31, 2004, but not thereafter.  (A.R. 22).  Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  The ALJ found that plaintiff had severe impairments of "non-insulin dependent diabetes mellitus, bilateral carpal tunnel syndrome, multiple arthralgias, and coronary artery disease."  (A.R. 20).  Plaintiff did not have an impairment or

combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that plaintiff's subjective complaints were not fully credible. (A.R. 18-21). The ALJ found that plaintiff retained the following residual functional capacity (RFC): "no lifting more than 10 to 15 pounds and no repetitive use of hands. In an eight-hour workday, claimant can walk about three hours, stand about two hours, and sit about three hours." (A.R. 23). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because, during the period from his alleged onset of disability through the expiration of his disability insured status, plaintiff was capable of performing his past relevant work as a factory laborer opening trolley gates. (A.R. 17-23).

The issue before the court is whether the ALJ's finding that plaintiff was not disabled at Step 4 of the sequential analysis is supported by substantial evidence. It was plaintiff's burden at Step 4 to prove that (1) he was unable to perform the functional demands and duties of a past relevant job as plaintiff actually performed it, and (2) he was unable to perform the functional demands and job duties of his occupation as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that []he is unable to perform [his] past relevant work and that []he is unable to return to h[is] former type of work as generally performed."); *accord Jordan v. Commissioner*, 548 F.3d 417, 422-23 (6th Cir. 2008). Under section 404.1520(e) of the regulations, as interpreted by the Social Security Administration, a claimant will be found to be "not disabled" when it is determined that he retains the RFC to perform: (1) "[t]he actual functional demands and job duties of a particular past relevant job;" or (2) "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national

economy." *Titles II and XVI: The Particular Job or the Occupation as Generally Performed*, SSR 82-61 (reprinted in 1982 WL 31387, at * 2 (SSA 1982)). The two tests set forth in SSR 82-61 are clearly disjunctive. *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004); *Barnett v. Barnhart*, 362 F.3d 1020, 1023 N.3 (8th Cir. 2004); *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995).

### A. The Functional Demands of Plaintiff's Job as a Trolley Gate Attendant

Plaintiff reported to the Social Security Administration that his job of trolley gate attendant involved three hours of walking, two hours of standing, and three house of sitting. It did not require climbing, stooping, bending, kneeling, crouching, or crawling. It did not require that plaintiff handle, grab, or grasp large objects. The job did not require writing, typing, or handling of small objects. The heaviest weight that plaintiff had been required to lift was ten pounds. (A.R. 121). Plaintiff's testimony at the March 10, 2005 hearing, confirmed that these had been the functional demands of his trolley gate attendant job. Further, plaintiff testified that he was still capable of performing this job:

> Q   Now, when you filled out your paperwork, for the, your second application, Exhibit B5 E [A.R. 121], you described one of your jobs as open trolley gates, do you recall that?
>
> A.   Right.
>
> * * *
>
> Q   How long did you have to open trolley gates, did you have --
>
> A   About a year.
>
> Q   Okay.
>
> A   A year and a half.

> Q       And you described that, as walking three hours, standing two hours, sitting three hours, is that accurate?
>
> A       That's be [sic] about right.
>
> Q       Okay.
>
> A       But they changed that, I had to go up to the other end and pull them out of the (INAUDIBLE) works.
>
> Q       Okay, did, were you working when that happened?
>
> A       I was called back, when it happened. I was transitioned to the workshop, and it was a four hours [sic] and they laid me off.
>
> Q       That was the job you were doing, though, as described, it was walking three hours, standing two hours and sitting three hours. For kneeling you put zero, crouching zero, crawling zero, handling, grabbing or grasping big objects zero, writing, typing or handling small objects zero. Pushing and carrying none, check heaviest weight you lifted, ten pounds. Was that the way the job was done?
>
> A       At the time, yes.
>
> Q       Okay. What is it about your condition that wouldn't allow you to do that?
>
> A       The job isn't there.
>
> Q       But that's not relevant. The Courts have said that.
>
> A       All right.
>
> Q       But that's the job that you were doing, what is it that you couldn't do?
>
> A       I could do that, but that job no longer existed, they had changed it, to where you had to work both ends.

(A.R. 330-31). Plaintiff's testimony established that his work as a trolley gate attendant had lasted approximately one year, and that it had not been a transitional job:

> Q       Was the opening [of] the trolley gates, one of the transitional jobs, they put you in?
>
> A       No.

| | | |
|---|---|---|
| Q | | All right.  How did you happen to get that job? |
| A | | I bumped it. |
| Q | | All right.  And for how long were you performing that job? |
| A | | Close to a year. |
| Q | | And what time period[?] |
| A | | Probably 1997, 1998. |
| Q | | And then what did you move to after that? |
| A | | Transitional work job. |
| Q | | Why did they move you from operating gates to transitional? |
| A | | They (INAUDIBLE) the shift and I was laid off. |
| Q | | And was it at that, did you go to transitional because of the limitation of ten to fifteen pounds? |
| A | | Right. |

(A.R. 332).

        Plaintiff argues that the ALJ "mischaracterized" his testimony:

> Plaintiff/Appellant's testimony did not indicate that he was capable in his own opinion of performing the trolley gate job.  Plaintiff/Appellant indicated, in the course of testimony, that the trolley gate job had been changed, and he was required to perform work at the other end of the line and pull out certain objects in the course of his work.  (T-330).  In further detail, Plaintiff/Appellant indicated that the job had changed, and required work at both ends of the line.  (T-331).  Obviously, the Administrative Law Judge mischaracterized the testimony of Plaintiff/Appellant . . . ."

(Plf. Brief at 6).  The ALJ did not mischaracterize plaintiff's testimony.  A fair reading of the hearing transcript reveals that plaintiff testified that he was capable of performing his past relevant work as

a trolley gate attendant.[1]  Plaintiff added that about the same time he returned to work after a layoff, his employer eliminated the job as plaintiff had performed it by adding additional duties.

The Supreme Court has expressly considered and rejected plaintiff's present argument.  *See Barnhart v. Thomas*, 540 U.S. 20 (2003).  In *Barnhart v. Thomas*, the claimant had argued that she was unable to perform her past relevant work as elevator operator because the job no longer existed.  *Id.* at 22.  The Court, in a unanimous decision, upheld the social security regulations establishing that at step four of the sequential analysis, the past relevant work determination is made without regard to the number of jobs available.  "[S]tep four can result in a determination of no disability without inquiry into whether claimant's previous work exists in the national economy; the regulations explicitly reserve inquiry into the national economy for step five."[2]  540 U.S. at 25; *see Smith v. Barnhart*, 388 F.3d 251 (7th Cir. 2004).  Under this clear holding, a claimant is disqualified at Step 4 if he is physically and mentally capable of performing a past relevant job, even where his job no longer exists.  Plaintiff's testimony that he remained capable of performing the job, as he had performed it, provides substantial evidence supporting the ALJ's decision finding that plaintiff was not disabled at Step 4.

---

[1]Even assuming *arguendo* that plaintiff's testimony could somehow be characterized as ambiguous, the purported ambiguity would only serve to undermine plaintiff's claim.  As the party with the burden of proof at Step 4, the onus was on plaintiff to provide clarity regarding the functional demands of his past relevant work and his ability to perform that work.  *See Wilson v. Commissioner*, 280 F. App'x 456, 460 (6th Cir. 2008).

[2]"If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled.  We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy."  20 C.F.R. § 404.1560.  The Supreme Court acknowledged that in some instances, a worker who had "managed to find easy work in a declining industry could be penalized for his troubles if the job later disappears."  540 U.S. at 29.

   B.   **Vocational Expert Testimony**

Plaintiff places extensive reliance on the testimony of the vocational expert (VE). The VE testified that repetitive use of the hands is typical "in a line environment." (A.R. 336). The VE expressed opinions that this would prevent plaintiff from performing his past relevant work as generally performed in the national economy and as plaintiff had performed it. (A.R. 334-36). It is well established that vocational expert testimony is not required at Step four of the sequential analysis. *See Cruse v. Commissioner*, 502 F.3d 532, 545 (6th Cir. 2007); 20 C.F.R. § 404.1560(b)(2). The ALJ was not bound to accept hearing testimony of any witness, including the VE. *See Banks v. Massanari*, 258 F.3d 820, 827-28 (8th Cir. 2001).

The court does not make its own credibility determinations. *See Jordan v. Commissioner*, 548 F.3d at 422; *see also McGlothin v. Commissioner*, 299 F. App'x 516 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). Here, the ALJ found that plaintiff's sworn testimony that he was capable of performing his job as a trolley gate attendant (A.R. 331) was credible. The ALJ was certainly allowed to credit plaintiff's own assessment of his abilities and how they applied to a job that plaintiff had performed for a year.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  March 2, 2009                 /s/  Joseph G. Scoville
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).