UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. VAN ALSTINE, | Case No. 1:08-cv-172 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Joseph G. Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION and ORDER**

**Adopting the R&R without Objection;
Affirming the Commissioner's Denial of Social Security Disability Benefits;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Monday, March 2, 2009.

After being served with the R&R, Torres had ten days to object. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(a), W.D. MICH. LCIVR 72.3(b), *Deruso v. Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005)).

Service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an NEF [Notice of Electronic Filing] to that attorney. Accordingly, the court finds that plaintiff's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge, Monday, March 2, 2009. *See Swift v. SSA*, 2009 WL 198526, * (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (applying W.D. MICH. LCIVR 5.7(d)(i)(ii), Service of

Electronically Filed Documents - Service on Registered Attorneys, to find that counsel was served with R&R on the same date it was issued); *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying rule to find that counsel was served with summary-judgment motion on same date that the adversary e-filed it).

In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which the period begins to run. *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)). Thus, the ten-day objection period began on Tuesday, March 3, 2009, the day *after* Van Alstine's counsel was electronically served with NEF for the R&R.

Days one through four ran from Tuesday, March 4 through Friday, March 7.

Because the period in question is shorter than eleven days, the court excludes Saturdays, Sundays, and federal holidays. *Andreas v. SSA*, 2009 WL 427377, *1 (W.D. Mich. Feb. 18, 2009) (Maloney, C.J.) (quoting FED. R. CIV. P. 6(a)). Thus the court excludes Saturday, March 7 and Sunday, March 8. Days five through ten ran from Monday, March 9 through Friday, March 13.

FED. R. CIV. P. 6 alone, then, yields an objection deadline of midnight on Friday, March 13.

However, the plaintiff seems to be entitled to an extra three days because the Rules still allow three days for her brief to "arrive" at the Clerk's Office – a vestige of the times when parties filed documents by mailing or hand-delivering paper documents to the courthouse. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.) ("'The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d).'") (quoting W.D. MICH. LCIVR 5.7(d)(i)(v), Effect on Time Computation). "Although this rule makes little sense in the age of electronic filing and service," *Lopez v.* SSA, 2009 WL 261191, *2 (W.D. Mich. Feb. 4, 2009) (Maloney, C.J.), this court is obligated to follow it until it

is amended.

Allowing the extra three days for "mailing", the plaintiff's objections were due on Monday, March 16, 2009. That deadline has passed, and the court need not wait further for objections.

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

**Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review.** *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

3

**In any event, the court finds the R&R's outcome and rationale to be sound.**[1] For the reasons explained by the R&R, substantial evidence supported the conclusion that Van Alstine's severe impairments – non-insulin-dependent diabetes mellitus, bilateral carpal-tunnel syndrome, multiple arthralgias, and coronary artery disease – did not prevent him from doing his past relevant work (as a factory laborer opening trolley gates).  *See* R&R at 4-5.  That conclusion rested on the finding that Van Alstine has the residual functional capacity ("RFC") to walk about three hours, stand about two hours, and sit about three hours in an eight-hour workday.  *See* R&R at 5.  In turn, the RFC finding was supported by substantial evidence in the record, including Van Alstine's own testimony.

**"The plaintiff bears the burden of proving . . . the fact that he is precluded from performing his past relevant work[,] through step four" of the five-step disability analysis.**  *Byrd v. SSA*, 2009 WL 539925, *2 (W.D. Mich. Mar. 3, 2009) (Jonker, J.) (citing *Jones v. SSA*, 336 F.3d 469, 474 (6th Cir. 2003)).  Specifically, it was Van Alstine's burden to show *both* that (1) he was unable to perform the functional duties and demands of a past relevant job as he actually performed it *and* (2) he

---

[1]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."   * * *   Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas*, 474 U.S. at 150).  *See also Lewis v. SSA*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report."); *Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion.").

was unable to perform the function duties and demands of his occupation as generally required by employers throughout the national economy.  *See* R&R at 4-5 (citing published 4th, 7th and 8th Circuit decisions holding that these two tests, set forth in SSR 82-61, must both be satisfied).  For the reasons explained by the R&R at 5-8 (discussing AR 330-32), the ALJ reasonably interpreted Van Alstine's testimony to be that in his own opinion, he could perform the trolley-gate job, and the court will not second-guess that credibility assessment.

**The Magistrate also was right to reject Van Alstine's emphasis on the fact that his former employer eliminated his position at about the same time that he returned to work after a layoff.** The Supreme Court has upheld 20 C.F.R. § 404.1560, which states that at step four, the Commissioner will make the past-relevant-work determination without considering "whether [the claimant's] past relevant work exists in significant numbers in the national economy." *See* R&R at 8 and n.2 (citing *Barnhart v. Thomas*, 540 U.S. 20, 25, 29 (2003)); *see, e.g. Yournet v. SSA*, 2008 WL 3833685 (E.D. Mich. Aug. 13, 2008) (O'Meara, J.) (vocational expert's testimony that claimant might have difficulty finding employers willing to train her in increasingly-necessary computer/keyboard skills was of no avail to claimant at step four, because "a finding at step four that Plaintiff can perform her previous work does not require a finding as to the current existence of that work") (citing *Thomas*, 540 U.S. at 25).

**ORDER**

Accordingly, having reviewed the complaint, the parties' briefs, and the R&R, and having received no objections:

The R&R [document # 17] is **ADOPTED**.

The Commissioner's denial of disability benefits is **AFFIRMED**.

5

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.** *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[2]

**IT IS SO ORDERED this 19th day of March 2009.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[2]

*See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.").